

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JOHN F. PAROLIN, ) | |
| ) | |
| Movant, ) | 02 C 4510 |
| ) | |
| v. ) | |
| ) | Honorable Charles R. Norgle |
| UNITED STATES of AMERICA, ) | |
| ) | |
| Respondent. ) | |

**OPINION AND ORDER**

CHARLES R. NORGLE, District Judge

Before the court is John F. Parolin's Motion to vacate, set aside, or correct his sentence brought pursuant to 28 U.S.C. § 2255. Movant, John F. Parolin ("Parolin"), challenges his sentences for mail fraud and interstate transportation of stolen property. For the reasons stated below, the Motion is denied.

## I. INTRODUCTION[1]

### A. Facts

Until his disbarment in May of 1995, Parolin was an attorney in the state of Illinois. Parolin used his status as an attorney to win the trust of numerous vulnerable individuals and entities, whom he then defrauded out of a total of approximately $2.5 million dollars. The following is a brief description of some of Parolin's schemes. Matilda Moss ("Moss"), a South American woman with a limited understanding of the English language, sought Parolin's

---

[1] The facts underlying Parolin's convictions are recited in United States v. Parolin, 239 F.3d 922 (7th Cir. 2001).

1

assistance regarding financial matters after the death of her husband. At the time, Moss had three children, a second mortgage on her home, significant financial problems, and no experience in business or financial matters. Parolin defrauded her out of $75,000 in proceeds from a life insurance policy. Parolin defrauded Elisabeth Jesswein, an elderly and financially unsophisticated woman whose husband had also recently died, out of $315,000 in a phony loan and stock purchase scheme. In a phony real estate scam, Parolin defrauded Klaus Wieske and Hans Meng out of $712,500. Parolin was eventually caught and indicted under various federal charges, including fraud and forgery.

**B. Procedural History**

On November 2, 1999, Parolin pled guilty to two counts of mail fraud, in violation of 18 U.S.C. § 1341, and one count of transportation of stolen property, in violation of 18 U.S.C. § 2314. On March 2, 2000, the court sentenced Parolin to one hundred and ninety-four months imprisonment and three years of supervised release. The court also ordered Parolin to pay $2.5 million in restitution. Parolin appealed this sentence, and the Seventh Circuit affirmed. See Parolin, 239 F.3d at 922.

Parolin filed his Motion under § 2255 on June 24, 2002. Parolin later filed two separate amendments to this Motion. The Government filed its Response to Parolin's amended Motion on March 8, 2005. Parolin filed his Reply on April 18, 2005. The Motion is fully briefed and before the court.

## II. DISCUSSION

**A. Standard of Decision**

Section 2255 allows a person convicted of a federal crime to vacate, set aside, or correct

his sentence. This relief is available only in limited circumstances, such as where an error is jurisdictional, of Constitutional magnitude, or there has been a "complete miscarriage of justice." See Harris v. United States, 366 F.3d 593, 594 (7th Cir. 2004). This statute states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside, or correct the sentence.

28 U.S.C. § 2255 ¶ 1. If the court determines that any of these grounds exists, it "shall vacate and set the judgment aside and shall discharge the prisoner or resentence him or grant a new trial or correct the sentence as may appear appropriate." 28 U.S.C. § 2255 ¶ 2. In making that determination, the court must review the evidence and draw all reasonable inferences from it in a light most favorable to the Government. See United States v. Galati, 230 F.3d 254, 258 (7th Cir. 2000); Carnine v. United States, 974 F.2d 924, 928 (7th Cir. 1992). "Relief under § 2255 'is reserved for extraordinary situations.'" Hays v. United States, 397 F.3d 564, 566 (7th Cir. 2005) (quoting Prewitt v. United States, 83 F.3d 812, 816 (7th Cir. 1996)).

Section 2255 petitions are subject to various bars, including that of procedural default. Section 2255 petitions are "'neither a recapitulation of nor a substitute for a direct appeal.'" McCleese v. United States, 75 F. 3d 1174, 1177 (7th Cir. 1996) (citations omitted). Therefore, a § 2255 motion cannot raise: (1) issues that were raised on direct appeal, unless there is a showing of changed circumstances; (2) non-Constitutional issues that could have been raised on direct appeal, but were not; and (3) Constitutional issues that were not raised on direct appeal. See Belford v. United States, 975 F.2d 310, 313 (7th Cir. 1992) (overruled on other grounds by Castellanos v. United States, 26 F.3d 717 (7th Cir. 1994)).

3

There are two exceptions to the procedural default rule: (1) if the movant demonstrates cause for failing to raise the issue and actual prejudice resulting therefrom; or (2) the court's refusal to consider the Constitutional issue would result in a fundamental miscarriage of justice, which requires a showing of actual innocence. See Belford, 975 F.2d at 313 (collecting authority); see also McCleese, 75 F.3d at 1177-78 (discussing fundamental miscarriage of justice). In light of these principles, the court examines Parolin's Motion.

**B. Parolin's Claims for Relief under § 2255**

Parolin first asserts that his due process rights were violated at his sentencing hearing, when the court applied a "preponderance of the evidence" standard to certain factual findings, rather than a more rigorous "beyond a reasonable doubt" standard. See Mot. Pursuant to Title 28 § 2255, at 3-6 ("Mot. I"). Parolin next argues that his sentence violates the rule laid down in Apprendi v. New Jersey, 530 U.S. 466 (2000), Blakely v. Washington, 124 S. Ct. 2531 (2004), and United States v. Booker, 125 S. Ct. 738 (2005). See Mot. I, at 7-10; Amend. to Pending § 2255 Mot. (filed July 1, 2004), at 2-5 ("Mot. III"). Parolin also challenges the court's application of the federal Sentencing Guidelines. See Mot. I, at 11-14. Finally, Parolin asserts that due to his suffering from Parkinson's disease, his continued incarceration violates the "cruel and unusual punishments" clause of the Eighth Amendment. See Amend. to Pending 2255 Mot. (filed December 24, 2002) ("Mot. II").

*1. Parolin's due process rights were not violated at the sentencing hearing*

Parolin asserts that the court used an incorrect "preponderance of the evidence" standard at his sentencing hearing. However, Parolin failed to raise this issue on direct appeal See Parolin, 239 F.3d at 924. Parolin has not shown cause for, or prejudice from, his failure to raise

this issue. See Belford, 975 F.2d at 313. Parolin is therefore procedurally barred from raising this issue in his § 2255 Motion. See id.

Even if this assertion is not procedurally barred, it is meritless. "'It is well-established that simply a preponderance of the evidence is all that is required for a factual finding under the Sentencing Guidelines.'" United States v. Johnson, 342 F.3d 731, 735 (7th Cir. 2003) (quoting United States v. Porter, 23 F.3d 1274, 1277 (7th Cir. 1994)); see also United States v. Kroledge, 201 F.3d 900, 909 (7th Cir. 2000). In rare cases where "the government appear[s] to [be using] the sentencing hearing to retry the substantive offense," however, a higher standard may be required. See Kroledge, 201 F.3d at 909. This is not one of those cases. Parolin pled guilty to these offenses, and admitted to his criminal conduct in his signed plea agreement. See Superceding Plea Agreement of Nov. 2, 1999. Parolin's claim that his due process rights were violated at his sentencing hearing therefore fails. See Kroledge, 201 F.3d at 909 (noting that it is a "rare instance where a higher standard [of proof] might be justified").

### 2. *Parolin's sentence did not violate Apprendi*

Parolin next asserts that his sentence exceeds the maximum allowed by the rule laid down in Apprendi, Blakely, and Booker. That rule states, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." Apprendi, 530 U.S. at 490; Blakely, 124 S. Ct. at 2536; Booker, 125 S. Ct. at 756. Parolin brought this claim before the Seventh Circuit in his direct appeal, and the Seventh Circuit rejected his arguments. Parolin, 239 F.3d at 930 ("the total sentence was 196 months, and thus well within the statutory maximum of 240 months. Therefore, there has been no *Apprendi* violation because Parolin's sentence does not

exceed the statutory maximum"). Parolin is thus procedurally barred from bringing this claim in his § 2255 Motion. See Belford, 975 F.2d at 313; see also McCleese, 75 F.3d at 1177 (§ 2255 motions are "'neither a recapitulation of nor a substitute for a direct appeal'"). Parolin's Apprendi claim therefore fails.

### 3. Parolin may not challenge the court's application of the Sentencing Guidelines in his § 2255 Motion

Parolin also asserts that the court improperly applied the Sentencing Guidelines to his case. He argues that the court wrongly enhanced his sentence pursuant to Sentencing Guideline § 3B1.1. That Guideline provides that a defendant's sentence may be enhanced if the defendant was "an organizer or leader of a criminal activity." Parolin, however, is barred from bringing this claim in his § 2255 Motion, as he failed to bring this claim on direct appeal. See Belford, 975 F.2d at 313. Moreover, challenges to the application of the Sentencing Guidelines must generally be brought on direct appeal. See United States v. Redding, 104 F.3d 96, 99 n.3 (7th Cir. 1996) ("arguments based on the Sentencing Guidelines must be raised on direct appeal or not at all . . . ."); see also Martin v. United States, 109 F.3d 1177, 1178 (7th Cir. 1996).

The Seventh Circuit, however, has recognized that where there has been a "fundamental miscarriage of justice," it may be possible, in a § 2255 motion, to bring a claim that a district court failed to properly follow the Sentencing Guidelines. See Allen v. United States, 175 F.3d 560, 563 (7th Cir. 1999); see also Martin, 109 F.3d at 1178. There has been no "fundamental miscarriage of justice" in this case. Parolin used his position as an attorney to gain the trust of vulnerable individuals and entities, whom he then defrauded of a total of $2.5 million. See Parolin, 239 F.3d at 922. Parolin admitted to these criminal actions in a signed, written plea

agreement. See Superceding Plea Ag. of Nov. 2, 1999. Even with this sentence enhancement, Parolin's sentence was well short of the statutory maximum. See Parolin, 239 F.3d at 930. The exception for a "fundamental miscarriage of justice" thus does not apply to this case. Parolin's challenge to the court's application of the Sentencing Guidelines therefore fails.

### 4. *Parolin's continued incarceration is not cruel and unusual punishment*

Finally, Parolin asserts that because he presently suffers from Parkinson's disease, his continued imprisonment constitutes cruel and unusual punishment under the Eighth Amendment. Parolin argues that his one hundred and ninety four month sentence, because of his illness, amounts to a life sentence. Such a sentence, he claims, would be unusually difficult for him, his wife, and his family to bear.

The court is sympathetic to Parolin's health concerns. However, Parolin's poor health is not a legitimate basis to grant relief under § 2255. See United States v. Grene, 455 F.2d 376, 377 (5th Cir. 1972) ("[t]he basis of appellant['s] 2255 motion is that the ten consecutive two-year sentences originally imposed . . . constitute cruel and unusual punishment since he is in poor health . . . . The district court was not moved by these arguments, nor are we"); see also Garvin v. United States, 882 F. Supp. 68, 71 (S.D.N.Y. 1995) ("§ 2255 petitioner's infection with AIDS does not raise constitutional issue and does not constitute miscarriage of justice"); Biancone v. Norton, 421 F. Supp. 1043, 1047 (D. Conn. 1976) (continued incarceration of an inmate with a short life expectancy "does not constitute cruel and unusual punishment").

Moreover, the court is well aware of the hardships imposed on the families of incarcerated individuals. See United States v. Hanhardt, 353 F. Supp. 2d 957, 961 (N.D. Ill. 2004) (Norgle, J.) ("A defendant's criminal conduct oftentimes has unfortunate consequences for

his or her family"). These hardships, however, are "brought upon [the family] exclusively by [defendant's] criminal behavior." Id. Parolin's claim that his continued incarceration is cruel and unusual punishment therefore fails.

### III. CONCLUSION

For the foregoing reasons, Parolin's Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence is denied.

IT IS SO ORDERED.

ENTER:

*Charles R. Norgle*

CHARLES RONALD NORGLE, Judge

United States District Court

DATED: August 9, 2005